IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02184-BNB

ISMAEL ARENAS GONZALEZ,

    Applicant,

v.

UNITED STATES OF AMERICA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, GUY TILL,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 24 2009

GREGORY C. LANGHAM
                   CLERK

---

## ORDER OF DISMISSAL

Applicant, Ismael Arenas Gonzalez, is a federal pretrial detainee, currently held at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Mr. Gonzalez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The Court must construe liberally the Application filed by Mr. Gonzalez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Gonzalez asserts three claims. His first claim appears to be that he has been falsely found to have a mental "disease or defect" in his pending criminal case. Application at 5. He also asserts that his continued incarceration is invalid, and that his right to a speedy trial has been violated. *Id.* at 13.

The case to which Mr. Gonzalez refers is the criminal case that is currently pending before Chief Judge Wiley Y. Daniel in the District of Colorado, Case No. 04-cr-00282-WYD-1. The Court takes judicial notice of the record in Mr. Gonzalez's criminal case. His case has not yet gone to trial, and it appears that Mr. Gonzalez is currently undergoing psychiatric treatment after Chief Judge Daniel determined that he was incompetent to stand trial.

As noted above, Mr. Gonzalez seeks relief in this action pursuant to 28 U.S.C. § 2254. However, § 2254 is applicable to inmates in custody challenging the validity of state court convictions and sentences. Because Mr. Gonzalez is a federal prisoner, and does not appear to be challenging a state court conviction or sentence, his claims may not be asserted pursuant to § 2254. However, the Tenth Circuit has held that 28 U.S.C. § 2241 establishes limited jurisdiction in the federal district court to consider habeas corpus petitions filed by pretrial detainees. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (finding that section 2241 is the proper avenue for challenging pretrial detention); *see also Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Chandler v. Pratt*, 96 Fed. Appx. 661, 662, 2004 WL 1080214 (10th Cir. May 14, 2004) (unpublished decision). Accordingly, the Court will construe the application as filed pursuant to 28 U.S.C. § 2241. Nonetheless, the Court finds that the application must be dismissed, for the reasons set forth below.

In general, a federal habeas court should not intervene in pending federal criminal prosecutions where the applicant has available an adequate forum for his federal claims. As the Tenth Circuit explained:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See **Fassler v. United States**, 858 F.2d 1016, 1018 (5th Cir. 1988); **United States v. Pepito**, 861 F.2d 1006, 1009 (7th Cir. 1987); **Moore v. United States**, 875 F.Supp. 629, 623 (D. Neb. 1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy.

***Hall v. Pratt***, 97 Fed. Appx. 246, 247-48, 2004 WL 740036 (10th Cir. Apr. 7, 2004) (unpublished decision).

Here, it is apparent that Mr. Gonzalez is a pretrial detainee, and that the claims he raises relate to his ongoing federal criminal case. Any challenges Mr. Gonzalez has to the trial court's competency determination, or any defense to his prosecution, must initially be raised in the criminal matter, and then in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions if allowed pursuant to federal law. ***See Clark v. Revel***, 2009 WL 763487, at *2 (W.D. Okla. Mar. 19, 2009) (unpublished decision) (citing ***United States v. Addonizio***, 442 U.S. 178, 184 fn. 10 (1979) (finding that "the writ of habeas corpus should not do service for an appeal . . . . This rule must be strictly observed if orderly appellate procedure is to be maintained.")); ***see also Horning v. Seifart***, 107 F.3d 11, 1997 WL 58620 (6th Cir. Feb. 11, 1997) (unpublished decision) (finding that the "habeas petition was properly dismissed as that remedy cannot be invoked to raise defense to a pending federal criminal prosecution"). After direct appeal, Mr. Gonzalez's sole habeas corpus remedy would be that provided in 28 U.S.C. § 2255. Section 2241 is not an alternative remedy to that provided in Section 2255.

Moreover, even if this Court has jurisdiction to consider the claims in Mr. Gonzalez's pretrial habeas petition, it is precluded from doing so by his failure to

exhaust available remedies. The trial court is the proper court to initially rule on the issues that Mr. Gonzalez attempts to raise here. ***See, e.g.,*** 18 U.S.C. § 3162(a)(2) (challenge under speedy trial guarantees should be brought in the trial court). His failure to pursue and exhaust the remedies available in the criminal proceedings precludes this Court from granting relief pursuant to Section 2241. ***See Hall***, 97 Fed. Appx. at 248. As the Tenth Circuit reiterated in ***Chandler***:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies. [citations omitted]. Here, all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action. To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

***Chandler***, 96 Fed. Appx. at 662.

The Court finds that it is clear on the face of the instant application that Mr. Gonzalez has not yet exhausted the available remedies on his claims. Moreover, the Court finds that it would be futile to provide Mr. Gonzalez an opportunity to cure this deficiency. Therefore, the application will be dismissed without prejudice for failure to exhaust available remedies. Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is construed as an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust available remedies.

DATED at Denver, Colorado, this 23 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-02184-BNB

Ismael Arenas Gonzalez
Reg. No. 32780-013
Federal Medical Center
P.O. Box 4000
Springfield, MO 65801-4000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  11/24/09

                                   GREGORY C. LANGHAM, CLERK

                                   By: _____
                                             Deputy Clerk